IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Criminal No. 10-105 |
| | ) | |
| RICHARD WILLIAMS | ) | |

### INFORMATION MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, and Mary M. Houghton, Assistant United States Attorney for said District, and submits this Information Memorandum to the Court:

### I. THE INFORMATION

A one-count Information was filed against the above-named defendant for an alleged violation of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1 | Conspiracy to distribute and possess with intent to distribute a quantity of Hydrocodone, a Schedule III controlled substance, beginning from on or about April 13, 2009, and continuing thereafter to on or about November 17, 2009. | 21 U.S.C. § 846 |

FILED
2010 JUN -8 PM 12:15
CLERK
US DISTRICT COURT

## II. ELEMENTS OF THE OFFENSES

A. As to Count 1:

In order for the crime of conspiracy to distribute and possess with intent to distribute a quantity of Hydrocodone, a Schedule III controlled substance, in violation of 21 U.S.C. § 846, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That two or more persons came to a mutual understanding or agreement to try to accomplish a common and unlawful plan to distribute and/or possess with intent to distribute the controlled substance charged in the information.

> United States v. Boyd, 595 F.2d 120 (3d Cir. 1978); United States v. Garcia, 655 F.2d 59, 62 (5th Cir. 1981); United States v. Allen, 613 F.2d 1248, 1253 (3d Cir. 1980).

2. That the defendant knowingly and willfully became a member of such conspiracy.

> United States v. Adams, 759 F.2d 1099, 1114 (3d Cir.), cert. denied, 474 U.S. 906 (1985); United States v. Bodolato, 701 F.2d 915, 921-22 (11th Cir. 1983).

3. That, pursuant to Title 21, United States Code, Section 812, and Title 21, Code of Federal Regulations, Section 1308.13(e)(1), Hydrocodone is a Schedule III controlled substance.

## III. PENALTIES

A. As to Count 1: Conspiracy to distribute and possess with intent to distribute a quantity of Hydrocodone, a Schedule III controlled substance, (21 U.S.C. § 846):

        1.   A term of imprisonment of not more than five (5) years;

        2.   A fine of $250,000;

        3.   If the sentence includes a term of imprisonment, a term of supervised release of two (2) years; and

        4.   A special assessment under 18 U.S.C. §3013 of $100.00.

For a second felony drug conviction that is final, whether federal, state, or foreign:

        1.   A term of imprisonment of not more than ten (10) years;

        2.   A fine of $500,000;

        3.   If the sentence includes a term of imprisonment, a term of supervised release of four (4) years.

### IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at the count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

### V. RESTITUTION

Not applicable in this case.

## VI. FORFEITURE

As set forth in the information, forfeiture may be applicable in this case.

>Respectfully submitted,
>
>MARY BETH BUCHANAN
>United States Attorney
>
>*Mary M. Houghton*
>Mary M. Houghton
>Assistant U.S. Attorney
>PA ID No. 31929