IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 10-105 |
| | ) |
| RICHARD WILLIAMS | ) |

MEMORANDUM ORDER
AND TENTATIVE FINDINGS AND RULINGS

AND NOW, this 23rd day of February, 2011, the Probation Office having conducted a presentence investigation and submitted a presentence report; the government having indicated that it does not have any objections to the presentence report; and defendant not having indicated that he has any objections to the presentence report, the court makes the following tentative findings and rulings:

1) On July 6, 2010, Richard Williams ("defendant") appeared before this member of the court and waived prosecution by indictment, thereby consenting to proceed by information. The one-count information charged defendant with conspiracy to distribute and possess with intent to distribute a quantity of hydrocodone from on or about April 13, 2009, to on or about November 17, 2009, in violation of 21 U.S.C. §846. Also on July 6, 2010, defendant pled guilty to the one-count information.

    The charges in this case arose as a result of an investigation conducted by the Drug Enforcement Agency into the activities of defendant and his girlfriend, Lisa Devoll, relative to the distribution of hydrocodone via an internet website which they operated. From April 13, 2009, until November 17, 2009, defendant and Ms. Devoll conspired with a medical doctor, a pharmacy owner and others to distribute hydrocodone.

    Defendant and Ms. Devoll used their website, www.healthservicesadmin.com, to advertise and solicit

individuals to purchase hydrocodone. To become a member of the site, the individuals were required to complete an online questionnaire and forward some type of "medical record." Defendant, Ms. Devoll and others then arranged for individuals to have a sham consultation with a medical doctor involved in the conspiracy. The medical doctor was paid consultation fees from defendant's and Ms. Devoll's corporation, Health Services PA LLC. Through the website, arrangements were made to have a pharmacy located in the Western District of Pennsylvania fill the fraudulent prescriptions and then mail the hydrocodone to the individuals who had purchased the drug through the online process.

As part of the conspiracy, defendant and Ms. Devoll designed their website to maximize sales of hydrocodone without regard for appropriate medical considerations. The website stated, "You Can Get Your Hydrocodone Now!!!" and "Our physician will be doing face-to-face examinations in our Florida office for your hydrocodone prescription." The website further stated, "after being seen you will continue to get your hydrocodone (or any controlled medication) prescription for the following two years through our usual and convenient online process." Each customer was directed to send a money order in the amount of $175 to Health Services PA LLC located in Greenfield Township, Pennsylvania. According to the website, the fee of $175 was lower than the usual cost of $350 for a local physician, and also stated that "you may or may not receive the 120 count from your local physician (the usual count given is 60)."

Despite the claims made on defendant's and Ms. Devoll's website, defendant knew the medical consultations were not legitimate and that the prescriptions for hydrocodone that were issued were not for any legitimate medical purpose. The doctor only issued the prescriptions for a fee paid by customers registered through defendant's and Ms. Devoll's website. As a result, the doctor received thousands of dollars for writing the illegal prescriptions.

In connection with the investigation, agents made undercover purchases of hydrocodone from defendant's website on July 31, 2009, August 17, 2009, September 1, 2009, and September 22, 2009.

2) While the United States Sentencing Guidelines now merely are advisory pursuant to the decision of the United States Supreme Court in United States v. Booker, 543 U.S. 220 (2005), the court nevertheless still is

required to consider the guidelines as <u>a</u> factor in determining a defendant's sentence, along with the other factors enumerated in 18 U.S.C. §3553(a). Accordingly, the court makes the following guidelines calculations:

a) The 2009 edition of the Guidelines Manual has been used in this case.

b) Defendant's base offense level for violation of 21 U.S.C. §846 is determined by U.S.S.G. §§2D1.1(a)(5) and (c)(14), which establishes a base offense level of 12 because the parties have stipulated that defendant is responsible for 4,500 dosage units of hydrocodone.

c) Defendant's offense level is increased two levels under U.S.S.G. §2D1.1(b)(6) because he distributed hydrocodone through mass-marketing by means of an interactive computer service.

d) Pursuant to U.S.S.G. §2D1.1(b)(11), defendant's offense level is decreased two levels because he meets the criteria set forth in §5C1.2(a)(1)-(5) (relating to limitation on applicability of statutory minimum sentences in certain cases).

e) There are no victim-related, role-related or obstruction of justice adjustments that apply.

f) Based on the above, defendant's adjusted offense level at Count One of the information is 12 under the guidelines.

g) Defendant is entitled to a two-level decrease for acceptance of responsibility pursuant to §3E1.1(a).

h) Based on the above, defendant's adjusted offense level at Count One is 10 under the guidelines.

i) There are no Chapter 4 adjustments that apply.

j) Based on the above, defendant's total offense level is 10 under the guidelines.

k) Defendant has a criminal history score of zero, which results in a criminal history category of I under the guidelines. <u>See</u> U.S.S.G. §4A1.1; §5 (Part A).

l) Based on a total offense level of 10 and a

criminal history category of I, defendant's guideline sentencing range is 6 to 12 months, which falls within Zone B. According to U.S.S.G. §5C1.1(c), if the applicable advisory guideline range is in Zone B, the minimum term may be satisfied by: (1) a sentence of imprisonment; or (2) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in §5C1.1(e), provided that at least one month is satisfied by imprisonment; or (3) a sentence of probation that includes a condition or combination of conditions that substitute intermittent confinement, community confinement or home detention for imprisonment according to the schedule in §5C1.1(e). Pursuant to <u>Booker</u>, this guideline range is advisory only, not mandatory, and is to be considered as <u>a</u> factor in determining defendant's sentence.

3) The statutory term of imprisonment at Count One is not more than 10 years. 21 U.S.C. §§841(b)(1)(E)(i) and 846.

4) If a sentence of imprisonment is imposed, the statutory term of supervised release that must be imposed at Count One is at least 2 years. 21 U.S.C. §§841(b)(1)(E)(iii) and 846.

5) Under the guidelines, the authorized term of supervised release at Count One is at least 2 years but not more than 3 years. U.S.S.G. §§5D1.2(a)(2) and (c). If a sentence of imprisonment of 1 year or less is imposed, a term of supervised release is not required but is optional. U.S.S.G. §5D1.1(b).

6) By statute, defendant is eligible for a sentence of probation of not less than one nor more than five years. 18 U.S.C. §§3561(a) and (c)(1). Under the guidelines, defendant is eligible for a sentence of probation, but the court must impose a condition or combination of conditions requiring intermittent confinement, community confinement or home detention as provided in subsection (c)(3) of §5C1.1. U.S.S.G. §5B1.1(a)(2).

7) The maximum statutory fine that may be imposed is $500,000. 21 U.S.C. §§841(b)(1)(E)(i) and 846.

8) Pursuant to U.S.S.G. §§5E1.2(c)(3) and (c)(4)(A), the range of fine under the guidelines is a minimum fine of

$2,000 and a maximum fine of $500,000. According to the presentence report, it does not appear that defendant has the current ability to pay a fine, nor is it likely that he will become able to pay any fine. U.S.S.G. §5E1.2(a).

9) Restitution is not an issue in this case.

10) Pursuant to 18 U.S.C. §3013(a)(2)(A), a special assessment of $100 is mandatory.

11) By statute and under the guidelines, upon a first conviction for distribution of controlled substances, a defendant may be declared ineligible for federal benefits for up to five years as determined by the court. 21 U.S.C. §862(a)(1)(A); U.S.S.G. §5F1.6.

/s/ Gustave Diamond
Gustave Diamond
United States District Judge

cc: Mary McKeen Houghton
Assistant U.S. Attorney

Stephen S. Stallings, Esq.
Burns White LLC
Four Northshore Center
106 Isabella Street
Pittsburgh, PA 15212

Christopher J. Thompson
U.S. Probation Officer